## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **Branch Banking and Trust Company, successor in interest to Colonial Bank by Asset Acquisition from the FDIC as Receiver for Colonial Bank,** | ) ) ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.** 4-11-cv-85 (CDL) |
| **v.** | ) ) | |
| **Spencer G. Schorr, MidSouth Rentals, LLC, and Cherokee Developers, Inc.,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## COMPLAINT FOR DEFICIENCY JUDGMENT

Branch Banking and Trust Company, successor in interest to Colonial Bank,

by Asset Acquisition from the FDIC as Receiver for Colonial Bank ("BB&T"), by

and through its undersigned attorney, brings suit against Defendants Spencer G.

Schorr ("Schorr"), MidSouth Rentals, LLC ("MidSouth"), and Cherokee

Developers, Inc., ("Cherokee") and states as follows:

## PARTIES

1.     Plaintiff BB&T is a citizen of North Carolina, as it is North Carolina

corporation with its principal place of business in Winston-Salem, North Carolina,

and is registered to do business in the State of Georgia.

2.     Spencer G. Schorr is, upon information and belief, a citizen and resident of Muscogee County, Georgia and may be served at 1936 Country Club Road, Columbus, Georgia 31906.

3.     MidSouth Rentals, LLC is a citizen of Georgia as it is a Georgia limited liability corporation, whose registered agent was Philip Johnson and was previously served at 5607 Whitesville Road, Columbus, Georgia 31904.  On July 8, 2010, Philip Johnson resigned as the registered agent of MidSouth, LLC.  Its organizer and manager is Spencer G. Schorr who may be served at 1936 Country Club Road, Columbus, Georgia 31906.  MidSouth Rentals, LLC was administratively dissolved on September 14, 2010.

4.     Cherokee Developers, Inc., is a citizen of Georgia as it is a Georgia corporation with a registered office in Muscogee County, Georgia, whose registered agent is Spencer G. Schorr, and may be served at 1936 Country Club Road, Columbus, Georgia 31906.  Cherokee Developers, Inc., was administratively dissolved on September 5, 2010.

## JURISDICTION AND VENUE

5.     Jurisdiction is proper in this court pursuant to 28 U.S.C.A. § 1332 because there is complete diversity of citizenship between plaintiff and all

defendants and the amount in controversy exclusive of interest and costs exceeds $75,000.00.

6.     Venue is proper in this court pursuant to 28 U.S.C.A. § 1391 as a substantial part of the events giving rise to the claim occurred in the Middle District of Georgia.

## STATEMENT OF FACTS

### Note I:  Cherokee Developers, Inc. and Spencer G. Schorr

7.     On or about March 15, 2007 Cherokee Developers, Inc., executed and delivered to the plaintiff a commercial promissory note and security agreement ("Note I") in the principal amount of Seventy-Seven Thousand and No/100 Dollars ($77,000.00).  A true and correct copy of Note I is attached hereto as Exhibit "A" and is incorporated herein by reference.

8.     Note I,  as renewed, with the last renewal being dated November 24, 2008, in the amount of Thirty-Five Thousand Three Hundred Six and 97/100 Dollars ($35,306.97) (the "Renewal"), was secured by a Commercial Deed to Secure Debt and Security Agreement ("Security Deed I") executed by Cherokee Developers, Inc., dated March 15, 2007, and recorded in Deed Book 8853, Page 305, Muscogee County, Georgia records conveying certain real property described in the Security Deed, as affected by that certain Assignment of Security

Instruments and Other Loan Documents from the Federal Deposit Insurance

Corporation in its capacity as Receiver for Colonial Bank to BB&T, recorded in

the Superior Court of Muscogee County, Georgia in Deed Book 9878, Page 183,

(the "Assignment"), being specific land lying in Muscogee County, Georgia, more

particularly described in the referenced Security Deed I.  A true and correct copy

of Security Deed I and the Renewal, are attached hereto as Exhibit "B" and are

incorporated by reference.  A true and correct copy of the Assignment is attached

hereto as Exhibit "C" and is incorporated by reference.

9.      On or about November 24, 2008, Spencer G. Schorr executed and

delivered to the plaintiff a guarantee (the "Guarantee") personally guaranteeing the

payment of all loans, notes, debts, and obligations of Cherokee Developers, Inc.,

to the plaintiff.  A true and correct copy of the Guarantee is attached hereto as

Exhibit "D".

10.      Under the terms of Note I, Cherokee Developers, Inc., promised to

pay plaintiff regular payments as and when they became due.

11.      Cherokee Developers, Inc., defaulted under the terms of Note I and

Security Deed I by failing to pay plaintiff the payments as and when they became

due.

12.      By virtue of the above-referenced default, plaintiff elected and did

declare the full amount of the indebtedness, including principal and interest, immediately due and payable.

13.     Plaintiff sent notices of acceleration, foreclosure, and of its intent to enforce the provisions of Note I to Cherokee Developers, Inc., and Spencer G. Schorr in accordance with the provisions of O.C.G.A. § 44-14-162.2. Furthermore, plaintiff provided Cherokee Developers, Inc., and Spencer G. Schorr, with the opportunity to pay the indebtedness within ten (10) days of receipt of the notice in order to avoid liability for such attorneys fees.  True and correct copies of said notice are attached hereto as Exhibit "E" and are incorporated by reference.

14.     Cherokee Developers, Inc., and Spencer G. Schorr failed to pay the principal and interest due within ten (10) days of receipt of said notices, and have failed to pay said sums as of this date.

15.     Pursuant to the terms of the power of sale provision of Security Deed I, and in accordance with the Notice of Sale Under Power published in the Columbus Ledger Inquirer plaintiff offered the property for sale on March 2, 2010 before the courthouse door in Muscogee County, Georgia, within the legal hours of sale.

16.     The property was knocked down and sold to BB&T, the highest bidder, for $22,000.00.

17.     Because the property did not bring a sufficient amount to pay off the
secured debt, plaintiff, acting pursuant to O.C.G.A. § 44-14-161 reported the Sale
under Power to the Judge of the Superior Court of Muscogee County within thirty
(30) days of the sale and requested that the sale be confirmed and approved under
said Georgia statute.

18.     On December 6, 2010, by final order, the Honorable Douglas C.
Pullen, Judge of the Superior Court of Muscogee County, Georgia, confirmed and
approved the above-referenced foreclosure sale in all respects.  A true and correct
copy of said final order is attached hereto as Exhibit "F" and is incorporated herein
by reference.

### Note II:  Spencer G. Schorr

19.     On or about June 18, 2008, Spencer G. Schorr executed and delivered
to the plaintiff a commercial promissory note and security agreement ("Note II")
in the principal amount of One Hundred Twenty-Nine Thousand Six Hundred
Seventy-One and 67/100 Dollars ($129,671.67).  A true and correct copy of Note
II is attached hereto as Exhibit "G" and is incorporated herein by reference.

20.     Note II was secured by a Commercial Deed to Secure Debt and
Security Agreement ("Security Deed II") executed by Spencer G. Schorr dated
May 29, 2007, and recorded in Deed Book 8950, Page 99, Muscogee County,

Georgia records conveying certain real property described in Security Deed II, as affected by that certain Assignment of Security Instruments and Other Loan Documents from the Federal Deposit Insurance Corporation in its capacity as Receiver for Colonial Bank to BB&T, recorded in the Superior Court of Muscogee County, Georgia in Deed Book 9878, Page 183, (the "Assignment"), being specific land lying in a subdivision in Muscogee County, Georgia more particularly described in the referenced Security Deed II. A true and correct copy of Security Deed II is attached hereto as Exhibit "H" and is incorporated by reference. A true and correct copy of the Assignment is attached hereto as Exhibit "C" and is incorporated by reference.

21.     Under the terms of Note II, Schorr  promised to pay Plaintiff regular payments as and when they became due.

22.     Schorr defaulted under the terms of Note II and Security Deed II by failing to pay Plaintiff the payments as and when they became due.

23.     By virtue of the above-referenced default, Plaintiff elected and did declare the full amount of the indebtedness, including principal and interest, immediately due and payable.

24.     Plaintiff sent notices of acceleration, foreclosure, and of its intent to enforce the provisions of the Note to Schorr in accordance with the provisions of

O.C.G.A. § 44-14-162.2.  Furthermore, Plaintiff provided Schorr with the opportunity to pay the indebtedness within ten (10) days of receipt of the notice in order to avoid liability for such attorneys fees.  True and correct copies of said notice are attached hereto as Exhibit "I" and are incorporated by reference.

25.    Schorr failed to pay the principal and interest due within ten (10) days of receipt of said notices, and have failed to pay said sums as of this date.

26.    Pursuant to the terms of the power of sale provision of Security Deed II, and in accordance with the Notice of Sale Under Power published in the Columbus Ledger Inquirer plaintiff offered the property for sale on March 2, 2010 before the courthouse door in Muscogee County, Georgia, within the legal hours of sale.

27.    The properties were knocked down and sold to BB&T, the highest bidder, for $35,500.00 and $31,000.00.

28.    Because the property did not bring a sufficient amount to pay off the secured debt, plaintiff, acting pursuant to O.C.G.A. § 44-14-161 reported the Sale under Power to the Judge of the Superior Court of Muscogee County within thirty (30) days of the sale and requested that the sale be confirmed and approved under said Georgia statute.

29.    On December 6, 2010, by final order, the Honorable Douglas C.

Pullen, Judge of the Superior Court of Muscogee County, Georgia, confirmed and approved the above-referenced foreclosure sale in all respects. A true and correct copy of said final order is attached hereto as Exhibit "J" and is incorporated herein by reference.

### Note III:  Spencer G. Schorr

30.     On or about February 25, 2008, Spencer G. Schorr executed and delivered to the plaintiff a Commercial Promissory Note and Security Agreement ("Note III") in the principal amount of Two Hundred Forty-Six Thousand Five Hundred Six and 69/100 Dollars ($246,506.69). A true and correct copy of Note III is attached hereto as Exhibit "K" and is incorporated herein by reference.

31.     The Note was secured by a Security Deed ("Security Deed III") executed by Spencer G. Schorr dated August 21, 2007, and recorded in Deed Book 9070, Page 163, Muscogee County, Georgia records conveying certain real property described in Security Deed III, as affected by that certain Assignment of Security Instruments and Other Loan Documents from the Federal Deposit Insurance Corporation in its capacity as Receiver for Colonial Bank to BB&T, recorded in the Superior Court of Muscogee County, Georgia in Deed Book 9878, Page 183, (the "Assignment"), being specific land lying in a subdivision in Muscogee County, Georgia more particularly described in the referenced Security

Deed III.  A true and correct copy of Security Deed III is attached hereto as Exhibit "L" and is incorporated by reference.  A true and correct copy of the Assignment is attached hereto as Exhibit "C" and is incorporated by reference.

32.    Under the terms of Note III, Schorr  promised to pay Plaintiff regular payments as and when they became due.

33.    Schorr defaulted under the terms of Note III and Security Deed III by failing to pay Plaintiff the payments as and when they became due.

34.    By virtue of the above-referenced default, Plaintiff elected and did declare the full amount of the indebtedness, including principal and interest, immediately due and payable.

35.    Plaintiff sent notices of acceleration, foreclosure, and of its intent to enforce the provisions of the Note to Schorr in accordance with the provisions of O.C.G.A. § 44-14-162.2.  Furthermore, Plaintiff provided Schorr with the opportunity to pay the indebtedness within ten (10) days of receipt of the notice in order to avoid liability for such attorneys fees.  True and correct copies of said notice are attached hereto as Exhibit "M" and are incorporated by reference.

36.    Schorr failed to pay the principal and interest due within ten (10) days of receipt of said notices, and have failed to pay said sums as of this date.

37.    Pursuant to the terms of the power of sale provision of Security Deed

III, and in accordance with the Notice of Sale Under Power published in the

Columbus Ledger Inquirer plaintiff offered the property for sale on March 2, 2010

before the courthouse door in Muscogee County, Georgia, within the legal hours

of sale.

38.    The property was knocked down and sold to BB&T, the highest

bidder, for $200,000.00.

39.    Because the property did not bring a sufficient amount to pay off the

secured debt, Plaintiff, acting pursuant to O.C.G.A. § 44-14-161 reported the Sale

under Power to the Judge of the Superior Court of Muscogee County within thirty

(30) days of the sale and requested that the sale be confirmed and approved under

said Georgia statute.

40.    On December 6, 2010, by final order, the Honorable Douglas C.

Pullen, Judge of the Superior Court of Muscogee County, Georgia, confirmed and

approved the above-referenced foreclosure sale in all respects.  A true and correct

copy of said final order is attached hereto as Exhibit "N" and is incorporated

herein by reference.

### Note IV:  MidSouth Rentals, LLC and Spencer G. Schorr

41.    On or about April 1, 2008, MidSouth Rentals, LLC, executed and

delivered to the plaintiff a commercial promissory note and security agreement

("Note IV") in the principal amount of One Hundred Ninety-Six Thousand and No/100 Dollars ($196,000.00). A true and correct copy of Note IV is attached hereto as Exhibit "O" and is incorporated herein by reference.

42.    Note IV was secured by a Security Deed ("Security Deed IV") executed by MidSouth dated April 1, 2008, and recorded in Deed Book 9319, Page 110, Muscogee County, Georgia records conveying certain real property described in Security Deed IV, as affected by that certain Assignment of Security Instruments and Other Loan Documents from the Federal Deposit Insurance Corporation in its capacity as Receiver for Colonial Bank to BB&T, recorded in the Superior Court of Muscogee County, Georgia in Deed Book 9878, Page 183, (the "Assignment"), being specific land lying in a subdivision in Muscogee County, Georgia more particularly described in the referenced Security Deed. A true and correct copy of Security Deed IV is attached hereto as Exhibit "P" and is incorporated by reference. A true and correct copy of the Assignment is attached hereto as Exhibit "C" and is incorporated by reference

43.    On or about April 1, 2008, Spencer G. Schorr executed and delivered to the Plaintiff a guarantee (the "Guarantee") personally guaranteeing the payment of all loans, notes, debts, and obligations of MidSouth Rentals, LLC, to the Plaintiff. A true and correct copy of the Guarantee is attached hereto as Exhibit

"Q" and incorporated by reference.

44.     Under the terms of Note IV, MidSouth promised to pay Plaintiff regular payments as and when they became due.

45.     MidSouth defaulted under the terms of Note IV and Security Deed IV by failing to pay Plaintiff the payments as and when they became due.

46.     By virtue of the above-referenced default, Plaintiff elected and did declare the full amount of the indebtedness, including principal and interest, immediately due and payable.

47.     Plaintiff sent notices of acceleration, foreclosure, and of its intent to enforce the provisions of Note IV to MidSouth and Schorr in accordance with the provisions of O.C.G.A. § 44-14-162.2.  Furthermore, Plaintiff provided MidSouth and Schorr with the opportunity to pay the indebtedness within ten (10) days of receipt of the notice in order to avoid liability for such attorneys fees.  True and correct copies of said notice are attached hereto as Exhibit "R" and are incorporated by reference.

48.     MidSouth and Schorr failed to pay the principal and interest due within ten (10) days of receipt of said notices, and have failed to pay said sums as of this date.

49.     Pursuant to the terms of the power of sale provision of Security Deed

IV, and in accordance with the Notice of Sale Under Power published in the

Columbus Ledger Inquirer plaintiff offered the property for sale on March 2, 2010

before the courthouse door in Muscogee County, Georgia, within the legal hours

of sale.

50.     The property was knocked down and sold to BB&T, the highest

bidder, for $100,000.00.

51.     Because the property did not bring a sufficient amount to pay off the

secured debt, Plaintiff, acting pursuant to O.C.G.A. § 44-14-161 reported the Sale

under Power to the Judge of the Superior Court of Muscogee County within thirty

(30) days of the sale and requested that the sale be confirmed and approved under

said Georgia statute.

52.     On December 6, 2010, by final order, the Honorable Douglas C.

Pullen, Judge of the Superior Court of Muscogee County, Georgia, confirmed and

approved the above-referenced foreclosure sale in all respects.  A true and correct

copy of said final order is attached hereto as Exhibit "S" and is incorporated herein

by reference.

### Note V:  MidSouth Rentals, LLC and Spencer G. Schorr

53.     On or about January 30, 2008, MidSouth Rentals, LLC, executed and

delivered to the plaintiff a Commercial Promissory Note and Security Agreement

("Note V") in the principal amount of Thirty Two Thousand and No/100 Dollars ($32,000.00).  A true and correct copy of Note V is attached hereto as Exhibit "T" and is incorporated herein by reference.

54.    Note V was secured by a Security Deed ("Security Deed V") executed by MidSouth dated January 30, 2008, and recorded in Deed Book 9249, Page 98, Muscogee County, Georgia records conveying certain real property described in the Security Deed, as affected by that certain Assignment of Security Instruments and Other Loan Documents from the Federal Deposit Insurance Corporation in its capacity as Receiver for Colonial Bank to BB&T, recorded in the Superior Court of Muscogee County, Georgia in Deed Book 9878, Page 183, (the "Assignment"), being specific land lying in a subdivision in Muscogee County, Georgia more particularly described in the referenced Security Deed.  A true and correct copy of Security Deed V is attached hereto as Exhibit "U" and is incorporated by reference.  A true and correct copy of the Assignment is attached hereto as Exhibit "C" and is incorporated by reference

55.    On or about January 30, 2008, Spencer G. Schorr executed and delivered to the Plaintiff a guarantee (the "Guarantee") personally guaranteeing the payment of all loans, notes, debts, and obligations of MidSouth Rentals, LLC, to the Plaintiff.  A true and correct copy of the Guarantee is attached hereto as

Exhibit "V" and incorporated by reference.

56.     Under the terms of Note V, MidSouth promised to pay Plaintiff regular payments as and when they became due.

57.     MidSouth defaulted under the terms of Note V and Security Deed V by failing to pay Plaintiff the payments as and when they became due.

58.     By virtue of the above-referenced default, Plaintiff elected and did declare the full amount of the indebtedness, including principal and interest, immediately due and payable.

59.     Plaintiff sent notices of acceleration, foreclosure, and of its intent to enforce the provisions of Note V to MidSouth and Schorr in accordance with the provisions of O.C.G.A. § 44-14-162.2.  Furthermore, Plaintiff provided MidSouth and Schorr with the opportunity to pay the indebtedness within ten (10) days of receipt of the notice in order to avoid liability for such attorneys fees.  True and correct copies of said notice are attached hereto as Exhibit "W" and are incorporated by reference.

60.     MidSouth and Schorr failed to pay the principal and interest due within ten (10) days of receipt of said notices, and have failed to pay said sums as of this date.

61.     Pursuant to the terms of the power of sale provision of Security Deed

V, and in accordance with the Notice of Sale Under Power published in the

Columbus Ledger Inquirer plaintiff offered the property for sale on March 2, 2010

before the courthouse door in Muscogee County, Georgia, within the legal hours

of sale.

62.    The property was knocked down and sold to BB&T, the highest

bidder, for $10,000.00.

63.    Because the property did not bring a sufficient amount to pay off the

secured debt, Plaintiff, acting pursuant to O.C.G.A. § 44-14-161 reported the Sale

under Power to the Judge of the Superior Court of Muscogee County within thirty

(30) days of the sale and requested that the sale be confirmed and approved under

said Georgia statute.

64.    On December 6, 2010, by final order, the Honorable Douglas C.

Pullen, Judge of the Superior Court of Muscogee County, Georgia, confirmed and

approved the above-referenced foreclosure sale in all respects.  A true and correct

copy of said final order is attached hereto as Exhibit "X" and is incorporated

herein by reference.

## COUNT I

65.    Plaintiff re-alleges and incorporates by reference the foregoing

paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66.     Under the terms of Note I, Cherokee promised to pay plaintiff regular payments when they became due.

67.     Cherokee also agreed to pay all finance charges, late charges, and costs incurred by plaintiff for collection of any overdue amounts owed to plaintiff by the defendants, including attorneys fees, court costs, and other expenses.

68.     Under the terms of the Guarantee, Schorr personally guaranteed payment of Note I and all other liabilities of any kind owed by Cherokee to the plaintiff.

69.     Cherokee defaulted under the terms of Note I and Security Deed I by failing to pay plaintiff the payments as and when they became due.

70.     Plaintiff lawfully foreclosed on the property secured by the Security Deed I by virtue of the Power of Sale contained therein, and the property was sold for $22,000.00.

71.     The foreclosure sale was confirmed in all respects, including that the property was sold for its true market value at the time of the foreclosure sale.

72.     At the time of the foreclosure sale, Note I had an outstanding balance equal to $35,574.99 prior to the sale under power.  Giving credit for the bid of BB&T at the sale, as of June 30, 2011, Note I has a balance, including interest, of $16,300.84, plus interest accruing thereafter, expenses and costs.

## COUNT II

73.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74.     Under the terms of Note II, Schorr promised to pay plaintiff regular payments when they became due.

75.     Schorr also agreed to pay all finance charges, late charges, and costs incurred by plaintiff for collection of any overdue amounts owed to plaintiff by the defendants, including attorneys fees, court costs, and other expenses.

76.     Schorr defaulted under the terms of Note II and Security Deed II by failing to pay plaintiff the payments as and when they became due.

77.     Plaintiff lawfully foreclosed on the properties secured by Security Deed II by virtue of the Power of Sale contained therein, and the properties were sold for $35,500.00 and $31,000.00.

78.     The foreclosure sale was confirmed in all respects, including that the properties were sold for their true market value at the time of the foreclosure sale.

79.     At the time of the foreclosure sale, Note II had an outstanding balance equal to $124,956.45 prior to the sale under power.  Giving credit for the bid of BB&T at the sale, as of June 30, 2011, Note II has a balance, including interest, of $71,394.26, plus interest accruing thereafter, expenses and costs.

## COUNT III

80.    Plaintiff re-alleges and incorporates by reference the foregoing paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81.    Under the terms of Note III, Schorr promised to pay plaintiff regular payments when they became due.

82.    Schorr also agreed to pay all finance charges, late charges, and costs incurred by plaintiff for collection of any overdue amounts owed to plaintiff by the defendants, including attorneys fees, court costs, and other expenses.

83.    Schorr defaulted under the terms of Note III and Security Deed III by failing to pay plaintiff the payments as and when they became due.

84.    Plaintiff lawfully foreclosed on the property secured by Security Deed III by virtue of the Power of Sale contained therein, and the property was sold for $200,000.00.

85.    The foreclosure sale was confirmed in all respects, including that the property was sold for its true market value at the time of the foreclosure sale.

86.    At the time of the foreclosure sale, Note III had an outstanding balance equal to $241,536.44 prior to the sale under power.  Giving credit for the bid of BB&T at the sale, as of June 30, 2011, Note III has a balance, including interest, of $42,960.04, plus interest accruing thereafter, expenses and costs.

## COUNT IV

87.    Plaintiff re-alleges and incorporates by reference the foregoing
paragraphs 1 through 86 of the Complaint as if fully set forth herein.

88.    Under the terms of Note IV, MidSouth promised to pay plaintiff
regular payments when they became due.

89.    Under the terms of the Guarantee, Schorr personally guaranteed
payment of Note IV and all other liabilities of any kind owed by Cherokee to the
plaintiff.

90.    MidSouth also agreed to pay all finance charges, late charges, and
costs incurred by plaintiff for collection of any overdue amounts owed to plaintiff
by the defendants, including attorneys fees, court costs, and other expenses.

91.    MidSouth defaulted under the terms of Note IV and Security Deed IV
by failing to pay plaintiff the payments as and when they became due.

92.    Plaintiff lawfully foreclosed on the property secured by Security Deed
IV by virtue of the Power of Sale contained therein, and the property was sold for
$100,000.00.

93.    The foreclosure sale was confirmed in all respects, including that the
property was sold for its true market value at the time of the foreclosure sale.

94.    At the time of the foreclosure sale, Note IV had an outstanding

balance equal to $189,627.77 prior to the sale under power. Giving credit for the bid of BB&T at the sale, as of June 30, 2011, Note IV has a balance, including interest, of $109,028.89, plus interest accruing thereafter, expenses and costs.

## COUNT V

95.     Plaintiff re-alleges and incorporates by reference the foregoing paragraphs 1 through 94 of the Complaint as if fully set forth herein.

96.     Under the terms of Note V, MidSouth promised to pay plaintiff regular payments when they became due.

97.     Under the terms of the Guarantee, Schorr personally guaranteed payment of Note V and all other liabilities of any kind owed by Cherokee to the plaintiff.

98.     MidSouth also agreed to pay all finance charges, late charges, and costs incurred by plaintiff for collection of any overdue amounts owed to plaintiff by the defendants, including attorneys fees, court costs, and other expenses.

99.     MidSouth defaulted under the terms of Note V and Security Deed V by failing to pay plaintiff the payments as and when they became due.

100.    Plaintiff lawfully foreclosed on the property secured by Security Deed V by virtue of the Power of Sale contained therein, and the property was sold for $10,000.00.

101.   The foreclosure sale was confirmed in all respects, including that the property was sold for its true market value at the time of the foreclosure sale.

102.   At the time of the foreclosure sale, Note V had an outstanding balance equal to $28,118.34 prior to the sale under power.  Giving credit for the bid of BB&T at the sale, as of June 30, 2011, Note V has a balance, including interest, of $22,037.55, plus interest accruing thereafter, expenses and costs.

## REQUESTED RELIEF

WHEREFORE, with regard to Count I, Plaintiff respectfully request judgment against Cherokee and Schorr for the outstanding balance of the Note of $16,300.84; attorneys fees; the costs of this action; interest accruing thereafter; and such additional and further relief as the Court deems just and proper.

With regard to Counts II and III, Plaintiff respectfully requests judgment against Schorr for the outstanding balances of the Notes of $71,394.26 and $42,960.04; attorneys fees; the costs of this action; interest accruing thereafter; and such additional and further relief as the Court deems just and proper.

With regard to Counts IV and V, Plaintiff respectfully requests judgment against MidSouth and Schorr for the outstanding balances of the Notes of $109,028.89 and $22,037.55; attorneys fees; the costs of this action; interest accruing thereafter; and such additional and further relief as the Court deems just

and proper.

      Respectfully submitted this 5th day of July 2011.

                          s/ Patrick L. W. Sefton
                          Patrick L.W. Sefton
                          Georgia Bar No.:  300003
                          Attorney for Plaintiff, Branch Banking and
                          Trust Company, successor in interest to
                          Colonial Bank, by asset acquisition from the
                          FDIC as Receiver for Colonial Bank

OF COUNSEL:
SASSER, SEFTON, TIPTON & DAVIS, P.C.
2000 Interstate Park Drive, Suite 300
Montgomery, AL 36109
Telephone:  (334) 532-3400
Facsimile:  (334) 532-3434
E-mail: psefton@sasserlawfirm.com

**Defendants will be served by personal process server at the addresses listed
on the Summons.**

Spencer G. Schorr
1936 Country Club Road
Columbus, Georgia 31906

MidSouth Rentals, LLC
c/o Spencer G. Schorr
1936 Country Club Road
Columbus, Georgia 31906

Cherokee Developers, Inc.
c/o Spencer G. Schorr
1936 Country Club Road
Columbus, Georgia 31906